# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JACK JORDAN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 17-2702 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 34, 36, 40, 42 |
| | : | | |
| U.S. DEPARTMENT OF JUSTICE, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

## I. INTRODUCTION

After a judgment from this Court denying his request to have Defendant the Department of Justice ("DOJ") release two e-mails protected by an exception to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *pro se* Plaintiff Jack Jordan has now filed a motion for reconsideration under Fed. R. Civ. P. 60. Jordan argues that this Court reached clearly erroneous conclusions and relied on misrepresentations by DOJ to deny his motion. He also appears to argue that this Court should recuse itself or release the requested e-mails as an alternative to recusal. Because the motion denying release of the e-mails is an interlocutory motion, the Court treats it as a motion for reconsideration under Fed. R. Civ. P. 54. The Court first briefly addresses, and rejects, Jordan's recusal arguments. Next, the Court denies the motion for reconsideration because Jordan has not established that he is entitled to relief. The Court denies Jordan's three subsequent motions for an order on his motion as moot.

## II. FACTUAL BACKGROUND

This Court presumes familiarity with its prior opinions in Jordan's related litigation in *Jordan v. U.S. Dep't of Labor*, 16-cv-1868 (D.D.C.) (the "2016 Action"), and *Jordan v. U.S.*

*Dep't of Labor*, 17-cv-2702 (the "2017 Action"). *See generally Jordan v. U.S. Dep't of Labor* ("*Jordan II*"), 308 F. Supp. 3d 24 (D.D.C. 2018); *Jordan v. U.S. Dep't of Labor* ("*Jordan I*"), 273 F. Supp. 3d 214 (D.D.C. 2017); Mem. Op. & Order ("*Jordan V*"), ECF No. 33. In the 2016 Action, Jordan filed a FOIA request to compel disclosure of two e-mails that related to a Defense Base Act case involving his wife and DynCorp International, Inc. ("DI"). *See Jordan II*, 308 F. Supp. 3d at 28–29; *Jordan I*, 273 F. Supp. 3d at 219–20. Specifically, Jordan requested the disclosure of the unredacted versions of e-mails sent by Darin Powers and Robert Huber, two DI employees. *Jordan I*, 273 F. Supp. 3d at 220. After *in-camera* inspection, this Court determined that the e-mail communication from Powers was protected by the FOIA exemption for attorney-client privilege. *See id.* at 227. However, the Court concluded that the Huber e-mail was not protected by any exemption and ordered the Department of Labor ("DOL") to release it. *See id.* at 232.

On May 2, 2018, Jordan appealed the Court's determination in the 2016 Action to the D.C. Circuit. Notice of Appeal, *Jordan v. U.S. Dep't of Labor*, 16-cv-1868 (D.D.C. May 2, 2018), ECF No. 67. The Circuit rejected Jordan's appeal, finding that this Court "did not err in concluding that the Powers email is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(4)." *Jordan v. U.S. Dep't of Labor* ("*Jordan IV*"), No. 18-5128, 2018 WL 5819393, at *1 (D.C. Cir. Oct. 19, 2018). It also noted that "there is no reason to doubt the district court's finding that an in camera review revealed the Powers email contains an explicit request for legal advice." *Id.*

Jordan commenced the 2017 Action on December 18, 2017, seeking to compel DOJ to disclose its records pertaining to the 2016 Action. *See generally* Compl., ECF No. 1. Jordan also filed a motion to disqualify this Court, *see* Mot. Disqualify, ECF No. 9, which the Court denied because Jordan "failed to meet the recusal standards under Sections 144 and 455, let

alone the more stringent constitutional standard" for recusal, *Jordan v. U.S. Dep't of Justice* ("*Jordan III*"), 315 F. Supp. 3d 584, 593 (D.D.C. 2018).

In July 2018, while his appeal of the Court's decision denying release of the Powers e-mail in the 2016 Action was still pending before the D.C. Circuit, Jordan filed a motion in the 2017 Action seeking to have the Huber e-mail and portions of the Powers e-mail "that show . . . any notation such as 'subject to attorney-client privilege' and non-commercial words included in any request for legal advice" released. *See* Pl.'s Mot. Release Evid. 1, ECF No. 26. Jordan argued that DI had waived attorney-client privilege as to any such sections of the Powers e-mail. *Id.* at 5–6. Jordan requested the release of "[n]on-commercial words included in an express request for legal advice," such as "'please advise regarding' or 'let us know what you think,'" which he contended could be segregated from the rest of the Powers e-mail. *Id.* at 5–6. On October 11, 2018, the Court denied his motion, reasoning that his arguments were duplicative of those he made in the 2016 Action. *See Jordan V* at 3.

Jordan has now filed a motion for reconsideration of the Court's order denying the release of portions of the Powers e-mail. *See generally* Pl.'s Mot. Reconsideration, ECF No. 34. Jordan has also filed three additional motions for an order on his motion for reconsideration. *See generally* Pl.'s Mot. Order, ECF No. 36; Pl.'s Second Mot. Order, ECF No. 40; Pl.'s Third Mot. Order, ECF No. 42. Jordan's motions are now ripe for review.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) governs situations in which a party seeks reconsideration of an interlocutory order. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties

3

and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). "The burden is on the moving party to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F. Supp. 2d 258, 268 (D.D.C. 2012) (citing *Husayn v. Gates*, 588 F. Supp. 2d 7, 10 (D.D.C. 2008)). Relief pursuant to Rule 54(b) is to be provided "as justice requires," and may be warranted when a court has "patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or where a controlling or significant change in the law has occurred." *Id.* (internal citation, quotation, and alteration omitted); *see also Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004). "[I]n general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Murphy v. Exec. Office for U.S. Attorneys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014), *aff'd sub nom.*, *Murphy v. Exec. Office for U.S. Attorneys*, 789 F.3d 204 (D.C. Cir. 2015) (internal quotation and alteration omitted).

"These considerations leave a great deal of room for the court's discretion and, accordingly, the 'as justice requires' standard amounts to determining 'whether [relief upon] reconsideration is necessary under the relevant circumstances.'" *Lewis v. District of Columbia*, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (alteration in original) (quoting *Cobell*, 224 F.R.D. at 272). Although this standard is not expressly stated, a trial court has more discretion in applying

Rule 54(b) than it does under Rules 59(e)[1] or 60(b).[2]  *Cobell*, 224 F.R.D. at 272 (acknowledging that "it is clear that 'courts have more flexibility in applying Rule 54(b)' than in determining whether reconsideration is appropriate under Rules 59(e) and 60(b)" (quoting *Moore v. Hartman*, 332 F. Supp. 2d 252, 256 (D.D.C.2004))).  At the same time, a court's discretion under Rule 54(b) is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."  *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quoting *In re Ski Train Fire*, 224 F.R.D. 543, 546 (S.D.N.Y. 2004)).

## IV.  ANALYSIS

Jordan has filed a Rule 60 motion for reconsideration, asking that the Court "reconsider its denial of [his] request that the Court release portions of Powers' email."  Pl.'s Mot. Reconsider 2.  As an initial matter, while Jordan filed his motion pursuant to Fed. R. Civ. P. 60, Rule 60 is not applicable here because Jordan is not seeking relief from a final judgment.  *See* Fed. R. Civ. P. 60(b) ("[T]he court may relieve a party or its legal representative from a final judgment.").  Instead, he asks the Court to reconsider its motion denying disclosure of portions of

---

[1] Rule 59(e) allows a court to alter its judgment within 28 days after it is entered, but such a decision is "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, . . . new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks omitted). "Motions under Rule 59(e) are 'disfavored' and the moving party bears the burden of establishing 'extraordinary circumstances' warranting relief from final judgment." *Schoenman v. FBI*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012) (quoting *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).

[2] Rule 60(b) allows a court to alter its judgment for reasons including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," and "fraud, . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). As with Rule 59, the burden is on the movant to show that relief is warranted. *Oladokun v. Corr. Treatment Facility*, 309 F.R.D. 94, 95 (D.D.C. 2014).

5

the Powers e-mail, an interlocutory order governed by Rule 54(b). Because the standards are similar and the Court construes *pro se* parties' pleadings liberally, it evaluates his motion as one for reconsideration under Rule 54(b). As described below, the Court denies his motion because it does not state sufficient grounds to justify relief.

As best the Court can determine, Jordan makes four arguments in his motion. First, he argues that the Court incorrectly applied the law in the 2016 Action. Pl.'s Mot. Reconsider 8. Second, he contends that the Court's October 11, 2018 opinion denying the motion for release of evidence was an abuse of discretion and in clear error because the Court characterized the motion as an attempt to relitigate the 2016 case, when the motion pointed to new statements made by DI after the Court's *Jordan II* opinion resolving that case, and asked for the release of portions of the Powers e-mail rather than the entire e-mail. *Id.* at 8–10. Third, Jordan contends that DOJ made false representations in its opposition to his motion for release of evidence. *Id.* at 10–11. And finally, he appears to argue that the Court's purported partiality and knowledge of the case either warrant recusal or the release of the information he seeks. *Id.* at 11–14.

The Court need not address Jordan's argument that its decisions in the 2016 Action were improper, because he is clearly attempting to reargue points that have already been decided—in a different case, no less. *See Singh*, 383 F. Supp. 2d at 101. In any event, Jordan's eight-page supplemental brief notwithstanding, the D.C. Circuit's summary affirmance of the Court's *Jordan II* opinion made clear that the Court did not incorrectly apply the law in the 2016 Action. *See Jordan IV*, 2018 WL 5819393 at *1. Similarly, the Court summarily rejects Jordan's argument that reconsideration is warranted because DOJ made allegedly knowing misrepresentations in its opposition to the original motion. *See* Pl.'s Mot. Reconsideration 10. Ignoring the fact that different DOJ attorneys may have worked on the 2016 Action, its appeal,

6

and the 2017 Action, Jordan picks and chooses from DOJ's opposition to argue that DOJ "[a]sserted [k]nowingly [f]alse [c]ontentions." *Id.* at 10. And in any event, DOJ's purported "misrepresentations" were not related to its substantive arguments for denying Jordan's motion, nor were they related to the Court's reasoning for denying it. These purported misrepresentations do not point to a change in the law, new evidence, or clear error, and thus do not warrant reconsideration.

As further detailed below, the Court therefore reviews A) whether its alleged partiality and knowledge of the case warrant recusal or release of the information Jordan seeks, and B) whether it acted in clear error by characterizing Jordan's motion as an attempt to "retread ground already covered" in its opinions in the 2016 Action, *Jordan V* at 3. The Court concludes that neither argument warrants reconsideration, and denies Jordan's motion.

**A. Any Purported Conflict Does Not Warrant Recusal or the Release of Information**

First, the Court reviews Jordan's apparent contention that, because it is "knowingly and willfully conceal[ing] facts and evidence," it should either release the portions of the Powers e-mail he seeks or recuse itself from this case. Pl.'s Mot. Reconsideration 11–14. Jordan spends several pages of his motion arguing that this Court is willfully concealing evidence from him, *see id.*, but it is unclear what relief he seeks. At one point, Jordan contends that the Court must release the portions of the Powers e-mail he seeks "[c]onsistent with [f]ederal [l]aw [g]overning [j]udicial [d]isqualifications." *Id.* at 11. And Powers also appears to argue that disqualification of this Court from the case is warranted under either 28 U.S.C. § 455(a) or 28 U.S.C. § 455(b). In any event, neither argument has any merit.

First, nothing in the law cited by Jordan supports the argument that federal law governing judicial disqualifications requires that the Court release the e-mail records he seeks. *See*

*generally* 28 U.S.C. § 455. Jordan appears to believe that, because waiver of disqualification under 28 U.S.C. § 455(a) requires "full disclosure on the record of the basis for disqualification," *id.* § 455(e), the Court must release the records he seeks in order to continue presiding over this case. He is wrong. The requirement of disclosure on the record of "the basis for disqualification" is not a requirement that anything be produced to the party seeking disqualification.[3] And the parties here have not submitted a waiver of disqualification to the Court, so § 455(e) does not apply.

Second, to the extent Jordan's arguments can be construed as a renewed motion for the Court's recusal, the Court again denies that motion. As the Court discussed in its prior opinion, recusal under § 455(a) requires that the movant "demonstrate that the judge's reliance on an extrajudicial source . . . creates an appearance of partiality." *Jordan III*, 315 F. Supp. 3d at 591 (internal quotation marks and citations omitted). And again as with that prior motion, "Jordan makes various allegations of judicial bias and partiality," *id.*, including that the Court "testified for the DOL," Pl.'s Mot. Reconsideration 12, and made misrepresentations and mischaracterizations of the evidence "to help the DOL and DOJ violate FOIA," *id.* at 13. These "bald allegations," *Jordan III*, 315 F. Supp. 3d at 593, are insufficient to demonstrate the appearance of partiality on the Court's behalf. Jordan also appears to argue that recusal is warranted under § 455(b) because the Court has "personal knowledge of disputed evidentiary facts." 28 U.S.C. § 455(b)(1). But he fails to point to what those disputed evidentiary facts are. Indeed, Jordan's dispute with DOJ, DOL, and this Court's conclusions in the 2016 Action is a dispute of law—what disclosures FOIA requires when a party represents that an e-mail contains

---

[3] In any event, here, Jordan's basis for disqualification is clear: he believes the Court is "knowingly and willfully conceal[ing] facts and evidence in [its] possession." Pl.'s Mot. Reconsideration 14.

an express request for legal advice—rather than a dispute over evidentiary facts. Moreover, to the extent Jordan argues that such alleged personal knowledge was gained by the *in camera* review of the disputed e-mails, the D.C. Circuit has already held that such review was appropriate. *See Jordan IV*, 2018 WL 5819393, at *1.

### B. The Court's October 11, 2018 Decision Was Not in Clear Error

Next, the Court reviews Jordan's contention that its October 11, 2018 decision was an abuse of discretion and in clear error. *See* Pl.'s Mot. Reconsideration 8. Jordan argues that the Court mischaracterized his motion for release of evidence, which did not ask it to "retread ground already covered" in its opinions in the 2016 Action, *id.* at 8 (quoting *Jordan V* at 3), but rather asked for the release of portions of Powers's e-mail constituting a request for legal advice, based in part on new statements by DI made after the Court issued its opinions in the 2016 Action, *id.* at 8–10. The Court is unconvinced, and finds no clear error warranting reconsideration of its October 11, 2018 opinion.

First, Jordan's arguments to the contrary notwithstanding, the motion for release of evidence did ask the Court to retread ground already covered in the 2016 Action. In the motion, Jordan argued that DOJ had waived any privilege with respect to noncommercial words constituting a request for legal advice in the Powers e-mail, which he contended could be segregated from the rest of the e-mail. *See* Pl.'s Mot. Release Evid. 5–6. This is the same argument he had already made, and the Court had already rejected, in the 2016 Action. *See Jordan I*, 273 F. Supp. 3d at 236 ("[T]he law of segregability does not require a court to 'order an agency to commit significant time and resources to the separation of disjointed words, phrases, or even sentences which . . . have *minimal or no information content*.'" (emphasis added) (quoting *Mead Data Cent., Inc. v. Air Force*, 566 F.2d 242, 261 n.55 (D.C. Cir. 1977))).

9

That Jordan pointed to two subsequent "disclosures" by DI allegedly reinforcing his argument does not change the fact that the legal basis he asserted for disclosure was the same.

And second, the Court's denial of Jordan's motion was not in clear error. Jordan believes that "any non-commercial, non-confidential words constituting a 'request for legal advice' or a 'request for input and review'" can, and should, be segregated from the Powers e-mail and produced to him. Pl.'s Mot. Reconsideration 2. He is wrong. This Court held that DOJ was not required to segregate from the e-mail and release words with minimal or no information content. *See Jordan I*, 273 F. Supp. 3d at 236. The Circuit agreed. *See Jordan IV*, 2018 WL 5819393 at *1 ("[T]he district court did not err in declining to require disclosure of such disjointed words that have 'minimal or no information content.'" (quoting *Mead Data*, 566 F.2d at 261 n.55)).[4] It was therefore not clear error for this Court to deny Jordan's motion for release of evidence on that basis. The Court accordingly denies the motion for reconsideration.

---

[4] In a supplement to his motion for reconsideration filed after the D.C. Circuit's opinion in *Jordan IV*, Jordan argues that *Jordan IV* "implicitly acknowledged" the information he seeks could be segregated from the Powers e-mail. *See* Pl.'s Supp. Mot. Reconsideration 1–2, ECF No. 35. He is incorrect. As discussed above, the Circuit held the opposite. *See Jordan IV*, 2018 WL 5819393 ("To the extent appellant seeks disclosure of the parts of the Powers email that read 'attorney-client privilege' and seek an explicit request for legal advice, . . . the district court did not err in declining to require disclosure of such disjointed words . . . .")

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (ECF No. 34) is **DENIED**. Plaintiff's motions for an order on the motion for reconsideration (ECF Nos. 36, 40, 42) are **DENIED AS MOOT**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.[5]

Dated: May 8, 2019                                      RUDOLPH CONTRERAS
                                                        United States District Judge

---

[5] Plaintiff's repetitive, scorched-earth litigation tactics directed at the disclosure of meaningless words in a single e-mail have wasted much of the parties' and the Court's time over the past two years. As he is well aware, similar behavior on his part was recently sanctioned by the Fifth Circuit. *See Jordan v. Dir., Office of Workers Comp. Programs, U.S. Dep't of Labor*, No. 18-60329 (5th Cir. June 8, 2018), ECF No. 00514506661. If Plaintiff continues filing such repetitive motions in the future, this Court too will consider an appropriate motion for sanctions.