# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACK JORDAN, | : | |
| Plaintiff, | : | Civil Action No.: 17-2702 (RC) |
| v. | : | Re Document Nos.: 53, 58 |
| U.S. DEPARTMENT OF JUSTICE, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

**DENYING PLAINTIFF'S MOTION TO RECONSIDER AND DENYING PLAINTIFF'S SECOND MOTION TO COMPEL**

## I. INTRODUCTION

Plaintiff, Mr. Jack Jordan, moves for this Court to reconsider its August 23, 2019 minute order, contending that the Court must amend the minute order because it was clearly erroneous. Relatedly, Mr. Jordan moves to compel the release of certain evidence, an issue upon which this Court has already repeatedly ruled. For the reasons explained below, the Court denies both motions.

## II. BACKGROUND

The Court presumes familiarity with its prior opinions in Mr. Jordan's related litigation. *See generally Jordan v. U.S. Dep't of Justice* ("Jordan III"), 315 F. Supp. 3d 584 (D.D.C. 2018); *Jordan v. U.S. Dep't of Labor* ("Jordan II"), 308 F. Supp. 3d 24 (D.D.C. 2018); *Jordan v. U.S. Dep't of Labor* ("Jordan I"), 273 F. Supp. 3d 214 (D.D.C. 2017).

This matter concerns a November 3, 2017, Freedom of Information Act ("FOIA") request submitted by Mr. Jordan to the Department of Justice ("DOJ"). Compl. ¶ 5, ECF No. 1. On August 22, 2019, Mr. Jordan filed a motion requesting that the Court compel the Department of

Labor ("DOL") to release the "Powers" email, which was related to his earlier filed action, *Jordan v. U.S. Dep't of Labor*, No. 16-cv-1868 (D.D.C. 2017). *See* Pl.'s Mot. Compel, ECF No. 51. The "Powers email" refers to a three-page email sent by Darin Powers to five fellow employees of DynCorp, the company that Mr. Jordan was litigating against before the DOL. *Id*. In the motion to compel, Mr. Jordan asked the Court to consider issues that it had found to be meritless in prior proceedings. *Id*. Specifically, in *Jordan I*, the Court conducted an *in camera* review of the Powers email and determined that it was protected from disclosure by privilege, 273 F. Supp. 3d at 227, 232, and the D.C. Circuit agreed, *see Jordan v. U.S. Dep't of Labor*, No. 18-cv-5128, 2018 WL 5819393, at *1 (D.C. Cir. Oct. 19, 2018) (per curiam).

As a result, the Court issued a minute order denying Mr. Jordan's motion to compel the release of the Powers email. Minute Order (Aug. 23, 2019). The Court reasoned that "[m]uch of Plaintiff's motion rehashes arguments that this Court has already rejected in the multiple prior opinions addressing the release of the Powers e-mail in both this case and related case *Jordan v. U.S. Dep't of Labor*, No. 16-cv-1868 (D.D.C.)." *Id*. Additionally, Mr. Jordan's motion to compel related to his FOIA case against the Department of Labor, and thus the Court concluded that it could not "address any justifications for withholding documents made in response to that request, [because they were] beyond the scope of this lawsuit." *Id*. Mr. Jordan filed the instant motion for reconsideration of the motion to compel on August 30, 2019. *See generally* Pl.'s Mot. Recons., ECF No. 53.

Before the Court ruled on that motion for reconsideration, Mr. Jordan filed a second motion to compel the release of the Powers email. *See* Pl.'s Second Mot. Compel, ECF No. 58. He seeks again the release of "all segregable portions of Powers' email." *Id.* at 21.

### III. ANALYSIS

#### A. Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) governs situations in which a party seeks reconsideration of an interlocutory order. "In general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: '(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order.'" *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008), *aff'd*, No. 09-cv-349, 2010 WL 1632965 (D.C. Cir. Apr. 1, 2010) (quoting *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003)).

As best as the Court can determine, Mr. Jordan makes a single argument in the motion: that the Court "made a decision beyond the adversarial issues presented" or "made an error in failing to consider controlling decisions of law." *See* Pl.'s Mot. Recons. at 17–24.

Accordingly, because Mr. Jordan does not argue that there was "an intervening change in the law" or that there is "new evidence [that was] not previously available," the Court reviews its minute order for clear error only, *see Zeigler*, 555 F. Supp. 2d at 129, and concludes that it did not clearly err by denying Mr. Jordan's motion to compel. Mr. Jordan believes that the DOJ must release the emails or provide "evidence showing any privilege notation and any non-commercial words slating any request for 'advice,' and [that] the DOJ must assert its own justifications for concealing any portions of Powers' email." Pl.'s Mot. Recons. at 24. He is incorrect. These issues have already been litigated, and this Court held that "DOJ was not required to segregate from the e-mail and release words with minimal or no information content." *See Jordan I*, 273 F. Supp. 3d at 236. The Circuit agreed. *See Jordan v. U.S. Dep't of Labor*, No. 18-cv-5128, 2018 WL 5819393, at *1 (D.C. Cir. Oct. 19, 2018) (per curiam) ("[T]he

district court did not err in declining to require disclosure of such disjointed words that have 'minimal or no information content.'" (quoting *Mead Data Central, Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 n.55 (D.C. Cir. 1977))). It was therefore not clearly erroneous for this Court to deny Jordan's motion to compel on that basis. The Court accordingly denies Mr. Jordan's motion for reconsideration.

## B.  Second Motion to Compel

For similar reasons, the Court denies Mr. Jordan's second motion to compel. Again, this Court has held that the email was exempt from disclosure and declined to require disclosure of isolated words that had minimal or no information content. *See Jordan I*, 273 F. Supp. 3d at 236. Mr. Jordan's new motion largely repeats prior arguments, and "[b]ecause the Court's prior Opinions thoroughly explain why it rejected these arguments, the Court need not elaborate further here." Mem. Op. Denying Plaintiff's Mot. for Release of the Huber Email and Non-Confidential Information in the Powers Email at 3, ECF No. 26.

## IV.  CONCLUSION

For the foregoing reasons, Mr. Jordan's motion for reconsideration, ECF No. 53, and his second motion to compel, ECF No. 58, are **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  March 30, 2020                                       RUDOLPH CONTRERAS
                                                              United States District Judge