**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JACK JORDAN,        )<br>            Plaintiff,        )<br>                        )   Case No. 1:17-cv-02702-RC<br>    v.                  )<br>                        )<br>U.S. DEPARTMENT OF JUSTICE,  )<br>            Defendant.      ) | |

**PLAINTIFF'S MOTION TO RECONSIDER
CRIMINAL CONCEALMENT OF EVIDENCE BY JUDGE CONTRERAS**

Further to FRCP 7(b) and 54(b), Plaintiff respectfully requests that this Court reconsider and reverse Judge Contreras' orders refusing to release any portion of Powers' email or Huber's email in the possession or under the control of this Court.  *See* Docs. 33, 43, 50.  Plaintiff respectfully submits that this Court must promptly release and email to Plaintiff Huber's email, a well as a version of Powers' email that either **(1)** shows any privilege notation and any non-commercial words stating a request for "advice" or "input and review" or **(2)** is entirely unredacted and unaltered.  In support of this Motion, Plaintiff respectfully submits the following.

Further to Local Rule 7(m), Plaintiff certifies that he has made every reasonable attempt to resolve the issues that are the subject of this motion without the need to file this motion.  To every U.S. Department of Justice ("**DOJ**") attorney representing the DOJ in this case, Plaintiff has emailed multiple requests that the DOJ release a version of Powers' email showing at least **(1)** any purported privilege notation and **(2)** non-commercial words in any request for advice, input or review, *e.g.*, "please advise regarding," or "let us know what you think" or "please review and provide input."  No DOJ attorney even responded to Plaintiff's requests.

Plaintiff further respectfully requests that the Court judicially notice the fact that public filings and court decisions quoted below contain the content quoted below.  *See* Fed.R.Evid.

201(c)(2).  The DOJ has ample cause and opportunity to address "the propriety of taking judicial notice" of each such fact, including by assessing the accuracy of Plaintiff's quotations.  Fed.R.Evid. 201(e).  In addition to being a party to this case, the DOJ also represented the U.S. Department of Labor ("**DOL**") in connection with *Jordan v. U.S. Dep't of Labor*, D.D.C. No. 1:16-cv-01868-RC (the "**2016 Action**").

In the 2016 Action, the DOL was represented primarily by DOJ AUSA Jason Cohen ("**Cohen**"), and to purport to support summary judgment for the DOL regarding Huber's and Powers' emails, the DOL submitted a declaration signed by DOL Senior Attorney Todd Smyth ("**Smyth**").  Cohen, Smyth, and D.C. District Court Judge Rudolph Contreras have concealed all portions of Powers' emails by asserting many knowing and willful falsehoods (each a "**Lie**").  As discussed below, in the 2016 Action, Judge Contreras issued two intentionally illegal and fraudulent opinions that were *selected* for *publication* at 273 F.Supp.3d 214 (D.D.C. Aug. 4, 2017) and 308 F.Supp. 3d 24 (D.D.C. Mar. 30, 2018).

Judge Contreras has issued many intentionally illegal and fraudulent opinions to *personally* conceal, and to help DOL and DOJ employees conceal, all text in Powers' email.  For the third time in this second case, Judge Contreras helped the DOJ conceal Powers' email behind assertions asserted by Judge Contreras, alone.  *See* Docs. 63, 64.  In this case, Judge Contreras helped the DOJ conceal Powers' email even though he knew the DOJ has failed for more than a year to even assert any potentially applicable FOIA exemption or any justification for failing to segregate and release non-exempt text in Powers' email.  *See, e.g.*, Minute Order (8/23/2019) denying Plaintiff's Motion to Order Release of Powers' email (Doc. 51); Docs. 63, 64.

Plaintiff repeatedly presented to Judge Contreras copious controlling legal authority in

the U.S. Constitution and federal law showing that Judge Contreras was required to order the DOJ to release at least a version of Powers email showing at least **(1)** any purported privilege notation and **(2)** non-commercial words in any request for advice, input or review, *e.g.*, "please advise regarding," or "let us know what you think" or "please review and provide input." *See, e.g.,* Docs. 53, 57, 58, 61. Judge Contreras has repeatedly knowingly violated or disregarded such controlling legal authority. *See, e.g.,* Docs. 63, 64. Judge Contreras has done so for the purpose of personally committing multiple crimes. Such crimes are addressed below to ensure that Judge Contreras addresses them specifically.

Congress established that each of the following types of activities was criminal, regardless of the title or position of the person committing the crime. "Titles" of text or of people are "not dispositive." *Yates v. U.S*., 135 S.Ct. 1074, 1090 (2015). The Supreme Court "has time and again recognized that 'any' has 'an expansive meaning,' bringing within a statute's reach *all* types of the item." *Id.* at 1092 (Kagan, Scalia, Kennedy, and Thomas, JJ., dissenting). "Whoever" clearly must be construed and applied as broadly.

"*Whoever* knowingly alters, destroys, mutilates, *conceals*, *covers up*, [or] falsifies . . . *any* record" or "document" (including any non-exempt portions of Powers' email) with "the intent to *impede, obstruct, or influence* the investigation or proper administration of *any* matter within the jurisdiction of" the DOL or DOJ "or in *relation* to or *contemplation* of *any* such matter" commits a crime. **18 U.S.C. § 1519** (emphasis added). Section 1519 was "meant to do away with" previous "distinctions" between "court proceedings, investigations, regulatory or administrative proceedings (whether formal or not), and less formal government inquiries, regardless of their title." *Yates* at 1085, n.5 quoting S. Rep. 107-146 (2002) at 15. Every legal proceeding

pertaining to Powers' email is covered.

"*Whoever* [ ] *corruptly persuades* another person, or *attempts* to do so, or engages in *misleading conduct* toward another person" (regardless of whether such "person" is a witness, party, judge or agency attorney) "with intent" to "cause or induce *any* person" to **(1)** "withhold a record" or "document" from any "official proceeding," or **(2)** "hinder, delay, or prevent the communication to" a federal "judge" of "information relating to the commission or possible commission of a Federal offense" commits a crime. **18 U.S.C. § 1512(b)** (emphasis added). Every legal proceeding pertaining to Powers' email is an "official proceeding," which includes any "proceeding before" any federal "judge or court." 18 U.S.C. § 1512(c)(1).

"*[W]hoever*, in *any* matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully [ ] falsifies, *conceals*, or *covers up* by any *trick*, *scheme*, or *device* a material fact" commits a crime. **18 U.S.C. § 1001(a)(1)** (emphasis added). Section 1001(a) applies to any judicial or administrative proceeding pertaining to Powers' email. The only relevant exceptions are "for statements, representations, writings or documents submitted by such party or counsel to a judge" in a particular "proceeding." 18 U.S.C. § 1001(b). Clearly, no *action* by any party or counsel, and no *statement* or *action* by any judge, is excepted.

*Any* "two or more persons" who "conspire to *injure*, *oppress*, *threaten*, or *intimidate any* person" in "the free exercise or enjoyment of *any* right or privilege secured to him [or her] by the Constitution" or federal "laws," or "*because of* his [or her] having so exercised the same" commits a crime. **18 U.S.C. § 241** (emphasis added). "*Whoever*, under *color* of *any* law, statute, ordinance, regulation, or custom, willfully subjects *any* person" to "the deprivation of *any* rights,

4

privileges, or immunities secured or protected by the Constitution" or federal "laws" commits a crime. **18 U.S.C. § 242** (emphasis added). "Both" Section 241 and 242 cover all "rights or privileges secured by the Constitution" or federal "laws." *United States v. Price*, 383 U.S. 787, 797 (1966). "Neither is qualified or limited." *Id*. "Even judges" can "be punished criminally for willful deprivations of constitutional rights on the strength of 18 U.S.C. s 242" or 241. *Imbler v. Pachtman*, 424 U.S. 409, 429 (1976).

It was a crime for any person to use the mails or wires in any "scheme or artifice to defraud" Plaintiff, "or for obtaining money or property" from Plaintiff "by means of false or fraudulent pretenses [or] representations." **18 U.S.C. §§ 1341** and **1343**. "Any person who attempts or conspires to commit" mail fraud or wire fraud is equally culpable. **18 U.S.C. § 1349**.

In the 2016 Action and in this case, Plaintiff sought and seeks certain emails sent by two employees of DynCorp International LLC ("**DI**"). *See* Doc. 44 at 2; Doc. 21-1. Darin Powers sent emails to five recipients ("**Powers' emails**"). *See* Doc. 21-1 at 2-4 (Powers' email on 7/30/2013). Robert Huber sent a reply email to Powers ("**Huber's email**"). *See* Doc. 21-1 at 1-2 (Huber's email at 8:20 a.m. on 7/31/2013).

To help DOL and DOJ employees conceal evidence that they had asserted Lies in the 2016 Action, Judge Contreras, himself, asserted multiple Lies pertaining to *both* Huber's *and* Powers' emails. After the DOJ "submitted the emails" to Judge Contreras, he "*carefully* reviewed them." 273 F.Supp.3d at 224 (emphasis added). So Judge Contreras *knew*, for example, that *every* contention that he, Smyth or Cohen asserted about Huber's email and about the DOL's good faith in the treatment of Huber's email and Powers' email was a Lie.

Most relevant here, Judge Contreras—twice (in two opinions *selected* for publication)—

5

asserted particular Lies.  Judge Contreras contended that Powers' email "is *labeled 'subject to attorney-client privilege'*" and it "*contains* an *express* request for *legal advice*."  273 F.Supp.3d at 232 (emphasis added).  *See also* 308 F.Supp.3d at 30 (emphasis added) ("*labelled 'subject to attorney-client privilege'*" and "*contained* an *express* request for *legal advice*").

In briefing to the D.C. Circuit in 2018, Cohen stated two Lies in one sentence.  He misrepresented that the DOL "withheld the two emails" (Huber's email and Powers' email) as "privileged commercial or financial information" because *both* Huber's *and* Powers' emails "*explicitly* request" an "attorney's [Bellomy's] *input* and *review*" and both were marked "*Subject to Attorney Client Privilege*."  D.C. Cir. No. 18-5128, Dkt #1744229 (DOL Mot. 8/6/2018) at 2-3 (emphasis added). Both Lies were obviously false with respect to Huber's email. *Cf.* Doc. 21-1 at 1-2 (Huber's email).

Then, in the *same* filing, Cohen profoundly changed his story to copy clearly conflicting contentions that—for eight months—had been asserted *only* by Judge Contreras in the 2016 Action. Cohen also purported to *quote* a *second* very different privilege notation.  Cohen represented that "[f]urther, the Powers email itself is labeled '*subject to attorney-client privilege*,' and it contains an *explicit* request for *legal* advice."  Dkt #1744229 at 8 (emphasis added).

Six weeks later, Cohen even more emphatically misrepresented (in two sentences side-by-side) that Powers' email "*expressly* sought" Bellomy's "*input* and *review*," and "[f]urther" it "is *labeled* '*subject to attorney-client privilege*,' and it *contains* an *explicit* request for *legal* advice regarding the information being transmitted." Dkt #1752385 (DOL Reply 9/24/2018) at 6 (emphasis added).  Cohen insisted "the Powers email was sent to in-house counsel for DynCorp

6

and *expressly* requested [Bellomy's] *legal* advice." *Id*. at 9 (emphasis added).

Judge Contreras allowed Cohen, the DOJ and the DOL to present the foregoing Lies to the D.C. Circuit. Then, the D.C. Circuit expressly relied on Cohen's Lies. It granted the DOL's "motion for summary affirmance" specifically (and *only*) because "[t]he merits of the" DOL's "positions are so clear as to warrant summary action." Dkt #1756115 at 1 (10/19/2018). In the very same paragraph, however, the D.C. Circuit confirmed the truth. In the only specific finding in that opinion, the D.C. Circuit panel specifically confirmed that the purported "explicit request for legal advice" was really nothing more than "disjointed words" that have "minimal or no information content." *Id*.

On July 1, 2019 in the 2016 Action Judge Contreras misrepresented that "[t]he Circuit did not find that the request for privilege consisted of disjointed words without information content." 2016 Action Doc. 72 at 6. But his contentions were belied and his deceit was revealed even by his *own* words. In *this* case, *Judge Contreras* has insisted that any purported *express* request for legal advice was really nothing more than "disjointed words" that have "*minimal or no information content*." Doc. 44 (5/8/2019) at 9 (emphasis *by Judge Contreras*). *Accord id*. at 10. Judge Contreras *insisted* such words were "meaningless." *Id*. at 11, n.5.

With the foregoing words, Judge Contreras expressly admitted that, for years, he personally asserted Lies and criminally concealed evidence that he and Cohen asserted Lies, *i.e.*, that Powers' email contains an *express* request for *legal advice* that was so material that it sufficed—under D.C. Circuit and Supreme Court precedent—to justify the DOL's and DOJ's efforts to conceal the *entirety* of Powers' email (and Judge Contreras' efforts to help them do so). *See* pages 6-7, above. In addition to the foregoing explicit admission, the actions of Judge

7

Contreras and DOL and DOJ employees constitutes implicit admissions and evidence that each asserted such Lies and criminally concealed such evidence.

Willful unexplained or unreasonable failures to produce "strong" evidence that "is available can lead *only* to the conclusion that [such evidence] would have been adverse." *Interstate Circuit v. United States*, 306 U.S. 208, 226 (1939) (emphasis added). "Conduct which forms a basis for inference is evidence. Silence" can be "evidence of the most convincing character." *Id*. "Silence is often," as it is here, "evidence" that is "most persuasive" of deceit by DOL and DOJ employees and Judge Contreras. *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 153-54 (1923).

Moreover, "false statements in explanation or defense, made or procured to be made" by Smyth, DOJ attorneys or Judge Contreras about Huber's email, about DOL and DOJ actions, and about the privilege notation on Powers' email also are evidence "tending to show [the] guilt" of DOL and DOJ employees and Judge Contreras. *Wilson v. United States*, 162 U.S. 613, 621 (1896). The "suppression" of reliable evidence by DOL and DOJ employees and Judge Contreras "undoubtedly gives rise to a presumption of guilt." *Id*. The "fabrication of evidence," *i.e.*, Smyth's false declarations (about Huber's email and the privilege notation on Powers' email) also "undoubtedly gives rise to a presumption of guilt." *Id*.

Such circumstantial evidence is "intrinsically no different from testimonial evidence." *Holland v. United States*, 348 U.S. 121, 140 (1954). Indeed, Cohen and Judge Contreras are essentially testifying. Their actions speak for them, and they clearly say, "Our representations that Powers' email contains an *express* request for *legal advice* were Lies." Such "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying and

8

persuasive than direct evidence." *Desert Palace, Inc., v. Costa*, 539 U.S. 90, 100 (2003).  The Supreme Court has "never questioned the sufficiency of circumstantial evidence in support of [even] a criminal conviction, even though proof beyond a reasonable doubt is required." *Id*.

In July 2018, Plaintiff filed a motion asking Judge Contreras to release Huber's and Powers' emails.  *See* Doc. 26 (7/21/2018).  Plaintiff also filed a motion to reconsider Judge Contreras' denial of Doc. 26.  *See* Doc. 34 (10/15/2018).  In June 2019, Plaintiff filed a renewed motion asking Judge Contreras to release Huber's and Powers' emails.  *See* Doc. 47 (6/11/2019).

Judge Contreras repeatedly refused to release even the copy of Huber's email that is in his or this Court's possession or under his or its control—even though (or perhaps because) the DOJ already (purportedly) released Huber's email.  *See* Docs. 33, 44, 50.  Judge Contreras also repeatedly refused to release a copy of Powers' email (that is in his or this Court's possession or under his or its control) showing *only* **(1)** any purported privilege notation and **(2)** non-commercial words in any request for advice, input or review, *e.g.*, "please advise regarding," or "let us know what you think" or "please review and provide input."  *See id*.

Judge Contreras, the DOL and the DOJ have written *hundreds* of *pages* to attempt to justify concealing *two* short *phrases*.  It is not even potentially plausible that they have gone to such extreme effort to conceal proof that they told the truth.  DOL and DOJ employees and Judge Contreras suppressed the actual evidence of *all* information in or on Powers' and Huber's emails.  To this day, Judge Contreras, personally, continues to conceal all portions of any version of Powers' and Huber's emails that he received from the DOL or DOJ.

Judge Contreras clearly is unmoved by any provision of federal civil law or even any provision of the Constitution.  But even federal criminal law compels the release of the evidence

requested on page 1, above.  For all the foregoing reasons, this Court must release such evidence.

Dated:  April 1, 2020                              Respectfully submitted,

/s/ Jack Jordan
Jack Jordan
6225 Northlake Drive
Parkville, MO 64152
jack.jordan@emobilawyer.com
816-746-1955